UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLTON XAVIER MATHEWS,

    Plaintiff,

v.                                               Case No. 3:24cv109-MCR-HTC

CAPTAIN HUGE, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Carlton Xavier Mathews, a known three-striker, proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983, Doc. 1, and an incomplete application to proceed *in forma pauperis*, Doc. 2. Upon consideration, this case should be dismissed under 28 U.S.C. § 1915(g) because Plaintiff is barred from proceeding *in forma pauperis*, has failed to pay the filing fee upon the initiation of this suit, and is not under imminent danger of serious physical injury.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

> brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's status as a three-striker has been acknowledged by multiple courts, including this one. *See Mathews v. Walters, et al.*, No. 3:22-cv-24816-RV-HTC, Docs. 4 & 6 (N.D. Fla. Jan. 13, 2023) (recognizing Plaintiff as a three-striker and dismissing case pursuant to § 1915(g)); *Mathews v. City of Wewahitchka, et al.*, No. 5:22cv109-TKW-MJF, Docs. 3 & 5 (N.D. Fla. July 5, 2022) (same); *Mathews v. Gambi, et al.*, No. 3:17-cv-01424-MMH-MCR, Doc. 4 (M.D. Fla. Dec. 28, 2017) (same). Indeed, the Court takes judicial notice that Plaintiff has brought at least three federal actions or appeals which were dismissed for failure to state a claim, as

malicious or as frivolous. *See Mathews v. City of Wewahitchka*, Case No. 5:22cv85-TKW-MJF, Docs. 22 & 24 (N.D. Fla. Nov. 10, 2022) (dismissing case as malicious and an abuse of the judicial process); *Mathews v. W. Walters*, Case No. 3:22cv19312-LC-HTC, Docs. 4 & 6 (N.D. Fla. Oct. 18, 2022) (same); *Mathews v. Jacksonville Fire & Rescue Dep't*, Case No. 3:16cv724-TJC-PDB, Doc. 3 (M.D. Fla. July 11, 2016) (dismissing case for failure to state a claim); *Mathews v. Duval Cty. Courthouse*, Case No. 3:16cv723-BJD-JK, Doc. 3 (M.D. Fla. June 15, 2016) (dismissing case as frivolous); *Mathews v. State Att'y Off.*, Case No. 3:16cv716-MMH-JBT, Doc. 3 (M.D. Fla. June 21, 2016) (dismissing case for failure to state a claim); *Mathews v. B.G. Johnson*, Case No. 3:16cv77-MMH-JK, Doc. 4 (M.D. Fla. May 16, 2016) (same). All the above cases bear Plaintiff's name and his FDOC inmate number (J27519).

Because Plaintiff is a three-striker, he may not litigate this case *in forma pauperis* unless he can demonstrate he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Plaintiff has not made that showing here. Instead, Plaintiff complains about threats by another inmate and an assault by that inmate that occurred in October 2023. *See* Doc. 1 at 14. It is well-established that complaints about *past* threats are insufficient to meet the imminent danger exception to section 1915(g). *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an

insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute."). Moreover, Plaintiff admits the other inmate has already been relocated and, thus, no longer presents a threat to him. Doc. 1 at 18.

Plaintiff's separately filed, self-proclaimed "Imminent Danger" statement, Doc. 1 at 30–31, does not fare any better. In it, Plaintiff complains of (1) sleeping on cold steel on October 21, 2023, while on property restriction, (2) an alleged retaliatory taking of property on November 1, 2023, and (3) threats made by officers (who are not defendants to this action) on November 3 and November 5, 2023. First, the actions complained of occurred in the past, which, as noted above, cannot establish imminent danger. Second, the allegations relating to property restrictions clearly do not show imminent danger. Third, the allegations of officer retaliation and officer threats are unrelated to the threats or assault by another inmate forming the basis of the present complaint. *See Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020) (explaining that the allegations of imminent danger must be related to "the crux of the complaint") (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("[T]he statute requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint.")).

As Plaintiff has failed to establish he is under "imminent danger," he is barred from proceeding *in forma pauperis* and, thus, should have paid the full filing fee at

the time of initiating this action but did not do so. This warrants dismissal under section 1915(g).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2. That the clerk close the file.

At Pensacola, Florida, this 20th day of March, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1.